# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2008

Charles R. Fulbruge III
Clerk

No. 08-50095
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALBERTO RODRIGUEZ-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-483-ALL

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alberto Rodriguez-Rodriguez (Rodriguez) appeals from the sentence imposed for his guilty plea conviction under 8 U.S.C. § 1326(a), (b)(2) for illegal reentry following deportation after conviction of an aggravated felony. The district court sentenced Rodriguez at the top of his advisory sentencing guidelines range to a 51-month term of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Rodriguez challenges both the procedural soundness and the substantive reasonableness of his sentence. With respect to the former, he argues that the district court committed procedural error by failing to explain its sentencing decision adequately. Rodriguez properly concedes that review is for plain error because he did not object in the district court to the adequacy of its reasons for its sentencing decision. See United States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008), cert. denied, 2008 U.S. LEXIS 8728 (Dec. 1, 2008) (No. 08-5514). Given the context of the court's brief statement of reasons, the explanation showed that its within-guidelines sentence was based on the § 3553(a) factors, independently and as embodied in the Guidelines. See Rita, 127 S. Ct. at 2468. The lack of further elaboration was not a clear or obvious error that affected Rodriguez's substantial rights, and it did not render the sentence procedurally unreasonable. See also United States v. Bonilla, 524 F.3d 647, 657-59 (5th Cir. 2008).

Rodriguez also contends that, in light of the circumstances surrounding his offense and his criminal history, his sentence is substantively unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Citing the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Rodriguez first argues

that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Rodriguez contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2, the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays the Kimbrough decision as having "suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008) which involved a similar challenge to § 2L1.2.

The appellate presumption is therefore applicable in this case. Because Rodriguez has failed to show on review for plain error that the district court abused its discretion in sentencing him, the judgment of the district court is AFFIRMED.